MEL M.C. COLE (CA SBN. 293265)
**AKERMAN LLP**
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone:  (213) 688-9500
E-mail:  mel.cole@akerman.com

SCOTT M. KESSLER (admitted *Pro Hac Vice*)
**AKERMAN LLP**
1251 Avenue of the Americas
37th Floor
New York. NY 10020
Telephone: (212) 880-3800
E-mail: scott.kessler@akerman.com

CHRISTOPHER R. LEPORE (admitted *Pro Hac Vice*)
**AKERMAN LLP**
71 South Wacker Drive
47th Floor
Chicago, IL  60606
Telephone: (312) 634-5700
E-mail: christopher.lepore@akerman.com

*Counsel to Defendant BAM Trading Services, Inc.*

<div style="text-align:left; writing-mode: vertical">AKERMAN LLP<br>633 WEST FIFTH STREET, SUITE 6400<br>LOS ANGELES, CALIFORNIA 90071<br>TEL.: (213) 688-9500 – FAX: (213) 627-6342</div>

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| INGE VAN HEES,<br><br>             Plaintiff,<br><br><br>     vs.<br><br>BAM TRADING SERVICES, INC.,<br><br>             Defendant. | CASE NO. 4:25-cv-05685-JST<br><br>**DEFENDANT'S NOTICE OF MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 20, 2025<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar<br>Action Filed: July 7, 2025 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

1    **PLEASE TAKE NOTICE THAT** on November 20, 2025 at 2:00 p.m., or as soon thereafter

2    as counsel may be heard, before the United States District Court Judge Jon S. Tigar, Defendant BAM

3    Trading Services, Inc. ("Defendant" or "BAM Trading") will and hereby does move under Federal

4    Rules of Civil Procedure 12(b)(6) for an order dismissing the Complaint (the "Complaint") of Plaintiff

5    Inge Van Hees ("Plaintiff") in its entirety.

6    This motion is made pursuant to the Federal Rule of Civil Procedure 12(b)(6) on the grounds

7    that the Complaint fails to state claims upon which relief can be granted against Defendant and must

8    be dismissed. The motion is based on this Notice of Motion and Motion; the Memorandum of Points

9    and Authorities, and such argument and further law and evidence as may be presented at the time of

10   the hearing.

11   Date: September 19, 2025

12
           /s/ Mel M.C. Cole
13         MEL M.C. COLE
           SCOTT M. KESSLER
14         (admitted *Pro Hac Vice*)
           CHRISTOPHER R. LEPORE
15         (admitted *Pro Hac Vice*)

16         *Attorneys for Defendant BAM Trading*
17         *Services, Inc.*

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CONTENTS

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Page**

I.    INTRODUCTION. ..................................................................................................1

II.   STATEMENT OF FACTS. ...................................................................................2

III.  LEGAL STANDARD..............................................................................................3

IV.   ARGUMENT............................................................................................................4

    A.    PLAINTIFF'S CLAIMS ARE LARGELY TIME BARRED AND SHOULD BE DISMISSED. ..............................................................................4

    B.    PLAINTIFF FAILS TO STATE A CLAIM. ...........................................6

        1.    PLAINTIFF HAS NOT SUFFICIENTLY PLED VIOLATION OF SEA. ...............................................................6

        2.    PLAINTIFF HAS NOT SUFFICIENTLY PLED VIOLATION OF RICO. ...............................................................9

            a.    Plaintiff has not alleged an "enterprise." .....................................10

            b.    Plaintiff has not alleged BAM Trading's participation in a pattern of racketeering activity. ......................................................10

            c.    Plaintiff has not alleged BAM Trading caused her injury. ............12

        3.    PLAINTIFF'S "AIDING AND ABETTING" CLAIM FAILS................12

        4.    THE CFPA HAS NO PRIVATE RIGHT OF ACTION............................13

        5.    PLAINTIFF HAS NO CLAIM UNDER THE CEA. ...............................14

        6.    PLAINTIFF'S COMPLAINT LACKS SUFFICIENT FACTS. ...............15

V.    CONCLUSION.......................................................................................................15

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Master Lease, LLC v. Idanta Partners, Ltd.*,
   225 Cal. App. 4th 1451 (2014) ...................................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).....................................................................................................12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).....................................................................................................12

*Berry v. Valence Technology, Inc.*
   175 F.3d 699 (9th Cir. 1999) .......................................................................................13

*BMA LLC v. HDR Glob. Trading Ltd.*,
   No. 20-CV-03345-WHO, 2021 WL 4061698 (N.D. Cal. Sept. 7, 2021) ...............................22

*Canyon Cnty. v. Syngenta Seeds, Inc.*,
   519 F.3d 969 (9th Cir. 2008) .......................................................................................18

*Casey v. U.S. Bank National Assn.*,
   127 Cal. App. 4th 1138 (Cal. Ct. App. 2005) ...........................................................21

*Cavello Bay Reinsurance Ltd. v. Stein*,
   No. 18-CV-11362 (KMK), 2020 WL 1445713 (S.D.N.Y. Mar. 25, 2020), *aff'd sub nom. Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161 (2d Cir. 2021) ......................................17

*Central Bank v. First Interstate Bank*,
   511 U.S. 164 (1994)............................................................................................15, 16, 19

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   880 F. Supp. 2d 1045 (N.D. Cal. 2012) ...................................................................15

*Cobb v. JPMorgan Chase Bank, N.A.*,
   2013 WL 6201414 ........................................................................................................19

*Commodity Futures Trading Comm'n v. R.J. Fitzgerald & Co., Inc.*,
   310 F.3d 1321 (11th Cir. 2002) ...................................................................................22

*Commodity Futures Trading Comm'n v. Savage*,
   611 F.2d 270 (9th Cir. 1979) .......................................................................................22

*Commodity Futures Trading Comm'n v. White Pine Trust Corp.*,
   No. 04cv2093 J (NLS), 2005 WL 8173168, at *5 (S.D. Cal. Mar. 2, 2005).........................22

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

83040770;8

*Conservation Force v. Salazar*,
    646 F.3d 1240 (9th Cir. 2011) ..................................................................................12

*Consumer Fin. Prot. Bureau v. Stephen Lyster Siringoringo, et al.*,
    No. SACV 14-01155 (JVS), 2016 WL 11741769 ....................................................13

*Cty. Of Marin v. Deloitte Consulting LLP*,
    836 F. Supp. 2d 1030 (N.D. Cal. 2011) ....................................................................19

*Ernst & Ernst v. Hochfelder*,
    425 U.S. 185 (1976)..................................................................................................14

*Fiol. V. Doellstedt*,
    50 Cal. App. 4th 1318 (Cal. Ct. App. 1996) .............................................................21

*Forcellati v. Hyland's, Inc.*,
    876 F. Supp. 2d 1155 (C.D. Cal. 2012) ....................................................................13

*Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mortg. Co.)*,
    471 F.3d 977 (9th Cir. 2006) ....................................................................................21

*In re Connectics Corp. Sec. Litig.*,
    542 F. Supp. 2d 996 (N.D. Cal. 2008) ......................................................................16

*In re Intel Corp. Sec. Litig.*,
    No. 18-cv-00507-YGR, 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)...................15

*In re Nvidia Corp.*,
    768 F.3d at 1052–53 ..................................................................................................15

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014) ..................................................................................15

*In re Rigel Pharms.*,
    697 F.3d at 876–77 ....................................................................................................15

*In re Rigel Pharms., Inc. Sec. Litig.*,
    697 F.3d 869 (9th Cir. 2012) ..............................................................................14, 15

*In re Sotheby's Holdings, Inc.*,
    No. 00 CIV. 1041 (DLC), 2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000) ...............16

*In re Stac Electronics Securities Litigation*,
    89 F.3d 1399 (9th Cir. 1996) ....................................................................................13

*Johnson v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*,
    No. 3:13-CV-678-MOC-DSC, 2014 WL 4384023 (W.D.N.C. Aug. 5, 2014).........21

iii                                    CASE NO.: 4:25-CV-05685-JST

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Kalisz v. Am. Express Centurion Bank*,
No. 1:15-CV-01578, 2016 WL 1367169 (E.D. Va. Apr. 5, 2016) ...........................................21

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......................................................................................10

*Lipton v. Pathogenesis Corp.*,
284 F.3d 1027 (9th Cir. 2002) ....................................................................................15

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
431 F.3d 353 (9th Cir. 2005) .......................................................................................17

*Lucid Motors Securities Litigation*,
110 F.4th 1181 (9th Cir. 2024) ...................................................................................14

*Lukovich v. E.F. Hutton & Co., Inc.*,
No. CIV. 85-1651-FR, 1986 WL 36308 (D. Or. April 21, 1986)........................................22

*Medrano v. Carrington Foreclosure Services LLC*,
No. CV-19-04988-PHX-DWL, 2019 WL 6219337 (D. Ariz. Nov. 21, 2019)......................23

*Melvin v. Bayshaw*,
No. EDCV 19-712 JGB, 2019 WL 6482220 (C.D. Cal. Oct. 3, 2019) ...............................17

*Metzler Inv. GmbH v. Corinthian Colleges, Inc.*,
540 F.3d 1049 (9th Cir. 2008) ....................................................................................15

*Morrison v. National Australia Bank Ltd.*,
561 U.S. 247 (2010)....................................................................................................17

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) .......................................................................................12

*Neilson v. Union Bank of California, N.A.*,
290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................................................................21

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
774 F.3d 598 (9th Cir. 2014) .......................................................................................16

*Phillips Soil Prods., Inc. v. Heintz*,
No. 3:18-CV-00263-BR, 2018 WL 2187442 (D. Or. May 11, 2018) ................................18

*Pioneer Lumber Treating, Inc. v. Cox*,
5 F.3d 539 (9th Cir. 1993) ..........................................................................................19

*Prime Int'l Trading, Ltd. v. BP P.L.C.*,
937 F.3d 94 (2nd Cir. 2019)........................................................................................22

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Reese v. BP Exploration (Alaska) Inc.*,
 643 F.3d 681 (9th Cir. 2011) ..................................................................15

*Rezner v. Bayerische Hypo-Und Vereinsbank AG*,
 630 F.3d 866 (9th Cir. 2010) ..................................................................20

*River Colony Estates Gen. P'ship v. Bayview Financial Trading Group, Inc.*,
 287 F. Supp. 2d 1213 (S.D. Cal. 2003)....................................................21

*RJ v. Cigna Health & Life Ins. Co.*,
 625 F. Supp. 3d 951 (N.D. Cal. 2022) .....................................................20

*Sanford v. MemberWorks, Inc.*,
 625 F.3d 550 (9th Cir. 2010) ..................................................................19

*Schreiber Distributing v. Serv-Well Furniture Co.*,
 806 F.2d 1393 (9th Cir. 1986) ................................................................19

*Sheen v. Wells Fargo Bank*, N.A.,
 12 Cal. 5th 905  (Cal. 2022)..............................................................14, 15

*Smith & Wesson Brands*, Inc. v. Estados Unidos Mexicanos,
 605 U.S. 280 (2025)................................................................................20

*Sybersound Records, Inc. v. UAV Corp.*,
 517 F.3d 1137 (9th Cir. 2008) ................................................................20

*Twitter, Inc. v. Taamneh*,
 598 U.S. 471 (2023)............................................................................20, 21

*U.S. v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) ..................................................................10

*United Brotherhood. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*,
 770 F.3d 834 (9th Cir. 2014) ..................................................................17

*United States ex rel. Lee v. Corinthian Colls.*,
 655 F.3d 984 (9th Cir. 2011) ..................................................................12

*United States v. Esterman*,
 324 F.3d 565 (7th Cir. 2003) ..................................................................20

*United States v. Marbella*,
 73 F.3d 1508 (9th Cir. 1996) ..................................................................19

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) ................................................................12

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

v      CASE NO.: 4:25-CV-05685-JST

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Young v. Schultz*,
    No. 22-CV-05203-TSH, 2023 WL 3324687 (N.D. Cal. May 8, 2023) .................................18

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) .............................................................................................15

**Statutes**

7 U.S.C.A. § 25(c) .................................................................................................................13

12 U.S.C § 5564(g)(1) ...........................................................................................................13

15 U.S.C 78(b) ......................................................................................................................14

18 U.S.C. § 1961(1) ..........................................................................................................17, 18

18 U.S.C. § 1961(4) ...............................................................................................................18

Cal. Code of Civ. Proc. § 335.1 ............................................................................................14

Cal. Code of Civ. Proc. § 338(d) ...........................................................................................13

RICO ............................................................................................................................ passim

Securities Exchange Act, § 10(b) ................................................................................... passim

**Rules**

Federal Rule of Civil Procedure 8 ..............................................................................11, 12, 14

Federal Rule of Civil Procedure 9(b) .................................................................12, 14, 19, 22

Federal Rule of Civil Procedure 12(b)(6) .......................................................................11, 12, 15

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO.: 4:25-CV-05685-JST

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendant BAM Trading Services, Inc. d/b/a Binance.US ("BAM Trading"), by and through its attorneys, Akerman LLP, respectfully submits this Memorandum of Points and Authorities in support of its motion to dismiss (the "Motion") the Complaint in a Civil Action, filed on July 7, 2025 (the "Complaint"), of Plaintiff Inge Van Hees ("Plaintiff"), alleging (i) violation of the Securities Exchange Act ("SEA"); (ii) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (iii) liability for "aiding and abetting"; (iv) violation of the Consumer Financial Protection Act ("CFPA"); and (v) violation of the Commodity Exchange Act ("CEA"), with prejudice, on the grounds that the Complaint fails to state a claim and that certain claims are barred by the applicable statute of limitations.

## I. INTRODUCTION.

Simply put, BAM Trading has nothing to do with Plaintiff's claims or her purported injury. BAM Trading is a domestic cryptocurrency exchange that only permits individuals of certain U.S. states and territories to transact on its platform.

Plaintiff, a Belgian citizen residing in the Netherlands, seeks to hold BAM Trading liable under federal and state law for an alleged international scam perpetrated by third-party "fraudsters." By her own admissions in the Complaint, Plaintiff "never held an account" with BAM Trading and never "conducted transactions" on its platform. In fact, according to correspondence from BAM Trading's legal department (attached as Exhibit K to the Complaint), BAM Trading "thoroughly investigated" Plaintiff's concerns and found no evidence of the alleged scammers or scam on its platform or in its records. Fundamentally, Plaintiff fails to include a single factual allegation about any culpable conduct (whether an affirmative act or material omission) by BAM Trading related to the alleged scam that forms the basis of the claims Plaintiff asserts in the Complaint.

Plaintiff, nevertheless, without any factual support or sufficient allegations, erroneously claims BAM Trading somehow "failed to detect and report suspicious transactions." She is wrong: the sole basis for her claim that BAM Trading's platform was used by the scammer(s) in connection with their scheme appears to be a self-compiled "summary" (with no primary sources) of Internet domains and

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

IP addresses. But even that document contains no apparent reference to BAM Trading's IT infrastructure or IP addresses that connect BAM Trading to the injury she alleges.

While it is unfortunate that Plaintiff may have been the victim of a scam, there are no supportable allegations in the Complaint and its Exhibits that BAM Trading had any dealings with Plaintiff or the alleged scammer(s). Thus, even putting aside that Plaintiff's claims are largely barred by the statute of limitations (as the underlying conduct and Plaintiff's awareness of that conduct occurred more than three years ago), there is no legal theory under federal or state law that supports imposing liability on a party so removed from an alleged transaction. The Complaint must therefore be dismissed in its entirety with prejudice.

## II.    STATEMENT OF FACTS.

BAM Trading is a "regulated digital asset marketplace operating under U.S. regulatory guidelines" based in Florida and registered in Delaware. Compl., Exhibit K.[1] It operates exclusively in the United States only permits residents of certain U.S. states and territories to transact on its platform. *Id*. BAM Trading takes fraud prevention very seriously. *Id*. Indeed, it "fully cooperat[es] with law enforcement when contacted and actively support[s] their efforts to detect, investigate, and prevent illicit activity." *Id*.

Plaintiff is a Belgian citizen residing in the Netherlands who alleges she was defrauded in an "international" scheme led by an individual with a criminal history in Nigeria and no apparent connection to the United States. Compl. 1, 2. Plaintiff admits she never held an account or conducted any transactions with BAM Trading. *Id*. at 2. Nor has she deposited funds on BAM Trading's platform Plaintiff otherwise. *Id.*, Ex. K. As a foreign domiciliary, she is generally not permitted to do so. *See id.*

//

---

[1] The Court may consider documents attached to the Complaint without converting this Motion to a motion for summary judgment. *See U.S. v. Ritchie*, 342 F.3d 903 (9th Cir. 2003). The Court may similarly take judicial notice of matters of the public record. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). To that end, BAM Trading's principal place of business was in California, but it moved to Florida on or about March 16, 2023. *See* Decl. of Scott M. Kessler, dated September 19, 2025.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Following a years-long international letter writing campaign to BAM Trading and other companies, as well as multiple closed complaints with regulators, including with the Consumer Financial Protection Bureau and the Financial Crimes Enforcement Network ("FinCEN"), Plaintiff filed this action against BAM Trading on July 7, 2025. *See id*. Exs. H and S. At each turn, Plaintiff has been informed that BAM Trading was not involved or affiliated with the alleged wrongdoer(s). *See e.g., id.*, Ex. H. In fact, BAM Trading's legal department directly informed her that, following a thorough investigation, it determined it had no records related to them. *See id.*, Ex. K. But Plaintiff refuses to accept this simple fact. Instead, Plaintiff points to a "summary" of domain names and IP addresses resulting from her own self-serving "forensic" investigation to demonstrate BAM Trading's supposed culpability. *See id.*, Ex. G. Yet, even on that self-serving document, there is no apparent reference to BAM Trading. And, in any event, Plaintiff fails to explain how this document at all connects BAM Trading to the underlying fraudulent conduct she supposedly endured. Nowhere in the Complaint (or attached Exhibits) does Plaintiff allege that BAM Trading engaged in any affirmative act or omission related to the scam that caused Plaintiff's claimed injury. Plaintiff even admits that BAM Trading did not directly injure her. *See id.*, 2.

Plaintiff is similarly vague about the transaction(s) underlying the scam. Plaintiff never enumerates the dates of the alleged fraudulent transactions. Instead, she attaches an account statement with a series of unexplained transactions and entries from January 17, 2022 to March 1, 2022. *See id.*, Ex. E. Plaintiff claims that she invested a total of $65,946 (or € 58,000) in the scheme. *Id.*, 5. According to the Complaint's Exhibits, Plaintiff began raising similar complaints about Skrill, an online payment system, with a U.K. regulator on June 4, 2022, and Bitpanda, an Austrian cryptocurrency broker, to an Austrian regulator on May 13, 2022. *See id.*, Exs. I and J. Accordingly, the alleged scheme occurred (and Plaintiff became aware of it) over three years prior to her filing of the Complaint.

## III.    LEGAL STANDARD.

BAM Trading moves to dismiss pursuant to FRCP 12(b)(6). FRCP 12(b)(6) must be read in conjunction with FRCP 8(a), which requires a "'short and plain statement of the claim showing that a pleader is entitled to relief,'" to give the defendant "'fair notice of what the claim is and the grounds

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive this Motion, the Complaint must include factual allegations that "raise [Plaintiff's] right to relief above the speculative level." *Id.* This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Claims have "facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory legal allegations are "not entitled to the assumption of truth." *Id.* at 679. Rather, legal conclusions "must be supported by factual allegations." *Id.* "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Further, under FRCP 9(b), a party must "state with particularity the circumstances constituting fraud or mistake" including the "who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) requires that the "circumstances of fraud be stated with particularity; other facts may be plead generally, or in accordance with Rule 8." *United States ex rel. Lee v. Corinthian Colls.,* 655 F.3d 984, 992 (9th Cir. 2011). This heightened standard applies to *any* fraud claim asserted by Plaintiff, including, specifically, her claims under the SEA, RICO (to the extent any predicate offenses involve fraud, such as mail fraud, wire fraud and money laundering), state law fraud (to the extent asserted), and the CEA.

## IV.    ARGUMENT.

### A.    PLAINTIFF'S CLAIMS ARE LARGELY TIME BARRED AND SHOULD BE DISMISSED.

As a threshold matter, although Plaintiff fails to list any specific dates of the alleged conduct or transactions underlying the Complaint, the last transaction referenced in the Exhibits reflects a date

//

//

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

of **March 1, 2022**.[2] Compl. Ex. E. Moreover, Plaintiff first raised similar complaints with regulators in the U.K. and Austria on **June 4, 2022 and May 13, 2022** (demonstrating that, at a minimum, she was aware of the issue at that time). *See id.*, Exs. I and J. The conduct Plaintiff is seeking to remedy, therefore, at the latest, occurred more than three years before she filed the Complaint on July 7, 2025. Accordingly, as set forth in the chart *infra*, the statute of limitations has run on all but one of her claims. Each of these claims is therefore time barred and must be dismissed with prejudice.

| CLAIM | STATUTE OF LIMITATIONS |
|---|---|
| Violations of Section 10(b) of the SEA | **One year** (which begins after the discovery of the facts constituting the alleged violation) or otherwise within **three years** after such violation. *See Berry v. Valence Technology, Inc.* 175 F.3d 699, 703 (9th Cir. 1999) ("[L]itigation instituted pursuant to § 10(b) and Rule 10b-5 must be commenced within one year after the discovery of the facts constituting the violation[.]") (internal citations omitted); *see also In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1411 (9th Cir. 1996) ("Section 10(b) and Rule 10b-5 complaints must be . . . filed within one year after the discovery of facts constituting the violation and within three years after such violation."). |
| Violations of the Consumer Financial Protection Act | **Three years**. *See Consumer Fin. Prot. Bureau v. Stephen Lyster Siringoringo, et al.*, No. SACV 14-01155 (JVS), 2016 WL 11741769 (C.D. Cal. Oct. 26, 2016 ("Under 12 U.S.C § 5564(g)(1), there is a three-year statute of limitations for actions under the Consumer Financial Protection Act [ ]"). |
| Violations of the Commodity Exchange Act | **Two years** (which begins upon discovery of the alleged injury). *See* § 22, 7 U.S.C.A. § 25(c). |
| Fraud | **Three years.** *See* Cal. Code of Civ. Proc. § 338(d).[3] |

---

[2] At various points in her correspondence and complaints to regulators and companies across the world, Plaintiff refers to the alleged fraud scheme as having occurred from January 17, 2022 through February 2022. *See generally Compl.*

[3] BAM Trading assumes, without conceding, that California state law applies to Plaintiff's state law claims, given that it was headquartered in California at the time of the underlying incident. *See Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155 (C.D. Cal. 2012). BAM Trading does not currently contest the applicability of California law to Plaintiff's state law claim(s), but respectfully reserves the right to do so at a later stage.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

| Aiding and abetting | **Three years**. Tracks the statute of limitations applicable to the alleged underlying wrong act (here, fraud). *See American Master Lease, LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1478-79 (2014). |
|---|---|
| Negligence (to the extent asserted)[4] | **Two years**. *See* Cal. Code of Civ. Proc. § 335.1. |

## B.    PLAINTIFF FAILS TO STATE A CLAIM.

### 1.    PLAINTIFF HAS NOT SUFFICIENTLY PLED VIOLATION OF SEA.

15 U.S.C 78(b) establishes the reasons Congress believed federal regulation of securities was necessary. Rule 10b-5 of the SEA is a broad anti-fraud regulation that makes it illegal to use any "manipulative and deceptive devices" in connection with the purchase or sale of a security. Section 10(b) was intended to protect investors engaged in the purchase and sale of securities "by provid[ing] investors with full disclosure of material information." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976). To state a claim under Rule 10b-5, a plaintiff must allege that a defendant (1) made a misstatement or omission of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which the plaintiff relied; and (5) the plaintiff's reliance was the proximate cause of the injury. *See In re: CCIV / Lucid Motors Securities Litigation*, 110 F.4th 1181 (9th Cir. 2024). "At the pleading stage, a complaint alleging claims under section 10(b) and Rule 10b-5 must not only meet the requirements of Rule 8, but must satisfy the heightened pleading requirements of both Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA")." *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).

The heightened standards of the PSLRA and Rule 9(b) demand far more detail than Plaintiff alleges here. To that end, a complaint must, to properly allege falsity, "specify each statement alleged

---

[4] Although Plaintiff generally accuses BAM Trading of negligence, it is unclear whether she intends to assert a state law negligence claim. To the extent she does, a theory of negligence does not apply here. The California Supreme Court has repeatedly affirmed that, as a general matter, a plaintiff may not recover in tort for negligently inflicted economic losses unless those losses are accompanied by physical injury or property damage. *See, e.g., Sheen v. Wells Fargo Bank*, N.A., 12 Cal. 5th 905 (Cal. 2022).

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, . . . state with particularity all facts on which that belief is formed." *Id.* at 877 (citations and quotations omitted). Similarly, to establish scienter, a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1053 (9th Cir. 2014) (internal citations and quotations omitted).[5]

*First*, even assuming *arguendo* that Plaintiff's SEA claim is not time barred, Plaintiff fails to identify *any* misstatement or omission of material fact by BAM Trading in connection with the purchase or sale of securities, much less plead facts that could possibly give rise to an inference of scienter. This alone warrants dismissal. *See In re Rigel Pharms.*, 697 F.3d at 876–77 (affirming dismissal where complaint failed to sufficiently allege a false or misleading statement or omission and failed to sufficiently allege scienter); *In re Nvidia Corp.*, 768 F.3d at 1052–53 (affirming dismissal for failure to adequately allege scienter and noting requirement of a material misrepresentation or omission); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690–91 (9th Cir. 2011) (affirming dismissal where complaint failed to allege a material misrepresentation or omission); *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061–62 (9th Cir. 2008) (affirming dismissal where complaint did not specify misleading statements or omissions and failed to plead facts showing scienter); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991–92 (9th Cir. 2009) (affirming dismissal for failure to plead a strong inference of scienter); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1036 (9th Cir. 2002) (affirming dismissal under Rule 12(b)(6) for failure to plead scienter with particularity); *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, 10–12 (N.D. Cal. Mar. 29, 2019) (dismissing Rule 10b-5 claim for failure to allege actionable statements or omissions and noting insufficient scienter allegations); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1062–63 (N.D. Cal. 2012) (dismissing Rule 10b-5 claim where plaintiffs failed to adequately allege a material misrepresentation or omission and failed to plead facts

---

[5] Scienter "refers to a mental state embracing intent to deceive, manipulate, or defraud." *Id.* (internal citations and quotations omitted).

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

giving rise to a strong inference of scienter); *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1012–13 (N.D. Cal. 2008) (dismissing Rule 10b-5 claim where the plaintiffs failed to plead with particularity facts showing false or misleading statements and failed to adequately plead scienter).

Indeed, while the alleged scammer(s) may have misrepresented material facts or omitted critical information related to certain transaction(s) involving Plaintiff (she fails to specify any), no such misrepresentations or omissions could have been "made by or on behalf of" BAM Trading as an *original* and *knowing* source. *In re Sotheby's Holdings, Inc.*, No. 00 CIV. 1041 (DLC), 2000 WL 1234601, at *5 (S.D.N.Y. Aug. 31, 2000) (dismissing 10b-5 claim where there was no allegation the defendant corporation was "the original and knowing source of any misleading statements"). And, to the extent Plaintiff claims BAM Trading merely facilitated third-party fraud (she, again, includes no specific factual allegations it did, even by virtue of its purported negligence) through misstatements or material omissions, there is no aiding-and-abetting liability under Section 10(b). *See Central Bank v. First Interstate Bank*, 511 U.S. 164, 177–78 (1994) (noting that a private plaintiff may not maintain an aiding and abetting cause of action under § 10b). Thus, none of the circumstances described in the Complaint satisfy the pleading standard for the first three prongs under Sections 10(b) and Rule 10b-5 of the SEA.

*Second*, because Plaintiff fails to identify any misrepresentation or material omission by BAM Trading in connection with the sale of a security, she also fails to sufficiently allege facts that satisfy the remaining prongs, *i.e.*, that she relied upon BAM Trading's misrepresentations or material omissions, which, in turn, proximately caused her alleged injury. *See Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605–08 (9th Cir. 2014) (affirming dismissal where plaintiffs failed to allege specific facts showing a material misstatement or omission, and thus could not establish reliance or loss causation). Plaintiff could not have relied upon any representation or omission by BAM Trading when she had no contemporaneous dealings with it at the time of the alleged scam. She does not claim she did. And, Plaintiff *admits* BAM Trading did not directly injure her—she instead complains that because she was indirectly injured BAM Trading somehow should have "detect[ed] and prevent[ed]"

//

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

a scam that did not, as the Exhibits to the Complaint confirm, even occur on its platform. Compl. 4; *see also id*., Ex. K.

*Third*, Sections 10(b) and Rule 10b-5 of the SEA do not apply extraterritorially (*i.e.*, to foreign transactions beyond the reach of federal securities laws). *See Cavello Bay Reinsurance Ltd. v. Stein*, No. 18-CV-11362 (KMK), 2020 WL 1445713, at *8 (S.D.N.Y. Mar. 25, 2020), *aff'd sub nom. Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161 (2d Cir. 2021). Plaintiff does not—because she cannot—allege a domestic transaction is at issue here. *See Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010) (noting that the anti-fraud provision of the SEA does not apply extraterritorially and that only in transactions in securities listed on domestic exchanges and domestic transactions in other securities, does § 10(b) of the SEA apply); *Melvin v. Bayshaw*, No. EDCV 19-712 JGB (SPX), 2019 WL 6482220, at *3 (C.D. Cal. Oct. 3, 2019) (applying the presumption against extraterritoriality to Section 10(b) and concluding the provision does not apply outside of the United States). Indeed, Plaintiff is a foreign domiciliary who alleges she was defrauded in an "international" scheme led by a seemingly foreign actor with a Nigerian criminal history. The mere fact that BAM Trading (which is not adequately alleged to be involved in the transaction) was headquartered in California at the time is not enough to "defeat the argument that the transaction is predominantly foreign because the 'presumption against extraterritoriality' as to the application of § 10(b) 'cannot evaporate any time some domestic activity is involved in the case.'" *Id.*

### 2.    PLAINTIFF HAS NOT SUFFICIENTLY PLED VIOLATION OF RICO.

To establish a civil of RICO claim under §1962(c), a plaintiff must show (1) the existence of an enterprise; (2) a pattern of racketeering activity; (3) participation in the enterprise; (4) a direct causal relationship between defendant's participation in the enterprise and their injury; (5) injury as a result of the RICO violation; and (6) standing to bring a RICO claim. *See United Brotherhood. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (quoting *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 361 (9th Cir. 2005)). A pattern of racketeering activity "requires at least two predicate acts of racketeering activity, as defined in 18

//

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

U.S.C. § 1961(1), within a period of ten years." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008).

### a.    Plaintiff has not alleged an "enterprise."

As a threshold matter, a RICO "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). At the pleading stage where, as here, a plaintiff seeks to establish that an association in fact forms the basis of the enterprise, she must plausibly allege "(1) a common purpose, (2) a structure or organization, and (3) longevity necessary to accomplish the purpose." *Young v. Schultz*, No. 22-CV-05203-TSH, 2023 WL 3324687, at *5 (N.D. Cal. May 8, 2023).

Plaintiff fails to do so. She does not allege *any* relevant contact between BAM Trading and the fraudster(s). Instead, she offers her own unsupportable speculation that the scammer(s), at some unspecified point, used the BAM Trading platform—hardly a structure, unit or organization with a common purpose. *See Phillips Soil Prods., Inc. v. Heintz*, No. 3:18-CV-00263-BR, 2018 WL 2187442, at *6 (D. Or. May 11, 2018) (dismissing civil RICO claim where the plaintiff did not "allege facts that show Defendants functioned as a unit or had a structure for making decisions"). Nor does Plaintiff allege any continuity of conduct that would establish an enterprise with longevity. She focuses on one isolated scam that occurred over three years ago and no conduct since. *See Young*, 2023 WL 3324687, at *6 ("[T]he continuity requirement focuses on whether the associates' behavior was ongoing rather than isolated activity."). Plaintiff, therefore, cannot establish the existence of an "enterprise" for her civil RICO claim, and it must be dismissed.

### b.    Plaintiff has not alleged BAM Trading's participation in a pattern of racketeering activity.

As to the second prong, 18 U.S.C. § 1961(1) lays out the offenses that qualify as predicate acts of racketeering activity. The list is long, but mail fraud, wire fraud and money laundering are the primary potentially applicable offenses in the case at bar. *See* 18 U.S.C.A. § 1961(1). Plaintiff does not adequately plead the existence of these predicate offenses, much less BAM Trading's participation in pattern of activity involving them.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*First*, to the extent that Plaintiff is relying on mail and wire fraud violations, such allegations are subject to the heightened pleading standard under Rule 9(b). *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (dismissing mail and wire fraud claims brought under RICO where the plaintiffs fail to allege the acts with specificity); *Cty. Of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1038 (N.D. Cal. 2011) ("Claims for mail and wire fraud are subject to Rule 9(b)'s heightened pleading requirements"). A plaintiff cannot merely make allegations upon information and belief but rather must "specify the sources of their information and belief under Rule 9(b)." *Id.* at 1035.

Courts require that the elements of these crimes be specifically pleaded and proven, including a scheme to defraud, material misrepresentations or omissions, use of the mails or wires, and specific intent to defraud. *See Pioneer Lumber Treating, Inc. v. Cox*, 5 F.3d 539 (9th Cir. 1993). The pleader "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400–1401 (9th Cir. 1986). Plaintiff accomplishes none of that here, given that she has, as discussed throughout this Motion, not alleged any acts, omissions or statements by BAM Trading with any level of specificity. *See Cobb v. JPMorgan Chase Bank*, N.A., No. 13-CV-01955-JSW, 2013 WL 6201414, at *14 (N.D. Cal. Nov. 27, 2013) (dismissing civil RICO claims based on predicate allegations of mail fraud and wire fraud where the *pro se* plaintiff failed to "describe a scheme to obtain money or property" by the relevant defendants).

*Second*, a RICO violation through the predicate act of money laundering must allege that Defendant "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source, or ownership of the illegal proceeds." *United States v. Marbella*, 73 F.3d 1508, 1514 (9th Cir. 1996). The Complaint fails to provide even a formulaic recitation of the elements for a money laundering claim. Instead, Plaintiff relies entirely on conclusory allegations (*i.e.*, that "the fraudsters actively utilized the Binance.US platform to launder stolen funds and execute fraudulent transactions" Compl. 2) and merely claims that the scammer(s) transferred money onto BAM Trading's platform. That is not enough. *See Cobb v. JPMorgan Chase*

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Bank, N.A.*, 2013 WL 6201414, at *15 (dismissing civil RICO claim by *pro se* plaintiff where the predicate allegations related to alleged money laundering were "entirely conclusory and unsupported by facts"). Furthermore, a plaintiff is, among other things, "required to allege that [the defendant] disguised or concealed the source or destination of allegedly laundered funds." *RJ v. Cigna Health & Life Ins. Co.*, 625 F. Supp. 3d 951, 965 (N.D. Cal. 2022). There are no such allegations here. Indeed, even under the most generous interpretation of the Complaint, the "mere transfer . . . of funds is not enough to sweep conduct within the money laundering statute." *United States v. Esterman*, 324 F.3d 565, 570 (7th Cir. 2003).

### c.     Plaintiff has not alleged BAM Trading caused her injury.

As to the fourth and fifth prongs, Plaintiff fails to allege any racketeering by BAM Trading that was the proximate cause of her injury. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008). "Proximate causation for RICO purposes requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" (quoting *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010)). Again, here, Plaintiff *admits*—as she must—in the Complaint that BAM Trading did not directly cause her any injury. Further, her claim of indirect injury is insufficient. *See id.* at 873 (dismissing civil RICO claim where the "asserted injury only indirectly resulted" from the defendant's fraud). Plaintiff's RICO claim must also be dismissed for this independent reason.

### 3.     PLAINTIFF'S "AIDING AND ABETTING" CLAIM FAILS.

"Aiding and abetting" is not, of course, a standalone claim—it must be tied to an intentional tort or some other civil statutory claim. But whatever offense Plaintiff believes BAM Trading aided and abetted, she must allege some form of "truly culpable conduct" by BAM Trading. *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 489 (2023). Indeed, "the concept of 'helping' in the commission of a crime or a tort has never been boundless and ordinarily requires some level of blameworthy conduct." *Id*. The Supreme Court has recognized that aiding and abetting liability "usually requires misfeasance rather than nonfeasance." *Smith & Wesson Brands*, *Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280 (2025). At most, Plaintiff alleges passive nonfeasance, which is a "far cry from the type of pervasive,

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  systemic, and culpable assistance" required for aiding-and-abetting liability. *Twitter, Inc.*, 598 U.S. at

2  502. Plaintiff's theory, if recognized, would incongruously result in boundless liability for trading

3  platforms like BAM Trading.

4       Similarly, California courts recognize that affirmative conduct is necessary. Indeed, liability

5  may only "be imposed on one who aids and abets the commission of an intentional tort if the person .

6  . . knows the other's conduct constitutes a breach of a duty and gives substantial assistance or

7  encouragement to the other to so act." *Casey v. U.S. Bank National Assn.*, 127 Cal. App. 4th 1138

8  (Cal. Ct. App. 2005) (quoting *Fiol. V. Doellstedt*, 50 Cal. App. 4th 1318, (Cal. Ct. App. 1996)); *see*

9  *also River Colony Estates Gen. P'ship v. Bayview Financial Trading Group, Inc.*, 287 F. Supp. 2d

10 1213, 1225 (S.D. Cal. 2003) ("A party can be liable for aiding and abetting an intentional tort if . . .

11 an individual is aware that the other's conduct constitutes a breach of duty and provides substantial

12 assistance or encouragement to the other to so act"). Substantial assistance exists where the (1)

13 defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so

14 enables the fraud to proceed; and (2) the actions of the aider/abettor proximately caused the harm on

15 which the primary liability is predicated. *See Neilson v. Union Bank of California, N.A.,* 290 F. Supp.

16 2d 1101, 1118 (C.D. Cal. 2003).

17      Assuming Plaintiff is alleging that BAM Trading somehow facilitated fraud under California

18 law (and she can timely assert this claim), she fails to allege that (i) BAM Trading was aware of the

19 alleged fraudster(s)' conduct, (ii) that it took any act (affirmative or otherwise) in furtherance of the

20 conduct or (iii) otherwise caused the harm she suffered. Her aiding-and-abetting claim therefore fails

21 and must be dismissed. *See Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mortg. Co.)*,

22 471 F.3d 977 (9th Cir. 2006). As a result of these deficiencies, the claim must be dismissed.

23              **4.    THE CFPA HAS NO PRIVATE RIGHT OF ACTION.**

24      There is no private right of action under the CFPA. *See Kalisz v. Am. Express Centurion Bank*,

25 No. 1:15-CV-01578, 2016 WL 1367169, at *2 (E.D. Va. Apr. 5, 2016) ("The CFPA does not provide

26 a private right of Action. Section 5564, reserves litigation power to the Consumer Financial Protection

27 Bureau to enforce any provision of Title 12."); *see also Johnson v. J.P. Morgan Chase Nat. Corp.*

28

1  *Servs., Inc.*, No. 3:13-CV-678-MOC-DSC, 2014 WL 4384023, at *5 (W.D.N.C. Aug. 5, 2014) (same).

2  Plaintiff's CFPA claim must, therefore, be dismissed as a matter of law.

3         **5.     PLAINTIFF HAS NO CLAIM UNDER THE CEA.**

4         As applicable here (and assuming *arguendo* this claim is somehow timely), to allege a fraud

5  claim under the CEA, a plaintiff must adequately assert, in a covered transaction, (1) the making of a

6  misrepresentation, misleading statement or a deceptive omission; (2) scienter; and (3) materiality.  *See*

7  *Commodity Futures Trading Comm'n v. White Pine Trust Corp.*, No. 04cv2093 J (NLS), 2005 WL

8  8173168, at *5 (S.D. Cal. Mar. 2, 2005); *Commodity Futures Trading Comm'n v. R.J. Fitzgerald &*

9  *Co., Inc.*, 310 F.3d 1321, 1328 (11th Cir. 2002). A party must be shown to have perpetrated the fraud

10  with the intent to deceive and defraud or recklessly without knowledge of its truth or falsity. *See*

11  *Lukovich v. E.F. Hutton & Co., Inc.*, No. CIV. 85-1651-FR, 1986 WL 36308 (D. Or. April 21, 1986);

12  *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270 (9th Cir. 1979). Courts strictly

13  enforce the heightened pleading requirements of Rule 9(b) for CEA fraud claims.

14         As with her SEA claim, Plaintiff does not—because she cannot—include any allegations about

15  *any* misrepresentation, misleading statement or omission BAM Trading made to her at all, much less

16  a material one. Similarly, she cannot satisfy the pleading requirement for scienter. Indeed, she *admits*

17  she never transacted (directly or indirectly) or held an account with BAM Trading, and as a Dutch

18  domiciliary, she is generally prohibited from doing so. *See, e.g., BMA LLC v. HDR Glob. Trading*

19  *Ltd.*, No. 20-CV-03345-WHO, 2021 WL 4061698, at *12 (N.D. Cal. Sept. 7, 2021) (dismissing CEA

20  claims where the operative complaint "fail[ed] to plead a misrepresentation or loss causation with the

21  Rule 9(b) particularity required").

22         Furthermore, much like with the SEA, Plaintiff must allege a domestic transaction; foreign

23  conduct is generally not actionable under the CEA. *See, e.g., Prime Int'l Trading, Ltd. v. BP P.L.C.*,

24  937 F.3d 94 (2nd Cir. 2019).

25         Plaintiff's CEA claim therefore must be dismissed.

26  //

27  //

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### 6.    PLAINTIFF'S COMPLAINT LACKS SUFFICIENT FACTS.

Fundamentally, Plaintiff merely presents vague and conclusory theories of liability. She effectively admits that BAM Trading engaged in no conduct relevant to her purported injury. Where, as here, a complaint lacks sufficient factual matter to state a plausible claim and/or relies solely on conclusory statements, it must be dismissed. *See Medrano v. Carrington Foreclosure Services LLC*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337 at *5 (D. Ariz. Nov. 21, 2019) (granting motion to dismiss because even a *pro se* litigant's pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

## V.    CONCLUSION

For the foregoing reasons, BAM Trading respectfully requests that the Court dismiss all of Plaintiff's claims with prejudice and grant such other and further relief as may be just and proper.

DATED: September 19, 2025                    **AKERMAN LLP**


By: */s/ Mel M.C. Cole*
     MEL M.C. COLE (CA SBN. 293265)
     SCOTT M. KESSLER
     (admitted *Pro Hac Vice*)
     CHRISTOPHER R. LEPORE
     (admitted *Pro Hac Vice*)

     *Counsel for Defendant BAM Trading Services, Inc.*

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## CERTIFICATE OF SERVICE

I certify that on September 19, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

Dated this 19th of September, 2025

<div align="right">
<em>/s/ Mel M.C. Cole</em>
Mel M.C. Cole
</div>

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO.: 4:25-CV-05685-JST

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**