MEL M.C. COLE (CA SBN. 293265)
**AKERMAN LLP**
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

SCOTT M. KESSLER (admitted *Pro Hac Vice*)
**AKERMAN LLP**
1251 Avenue of the Americas
37th Floor
New York. NY 10020
Telephone: (212) 880-3800
E-mail: scott.kessler@akerman.com

CHRISTOPHER R. LEPORE (admitted *Pro Hac Vice*)
**AKERMAN LLP**
71 South Wacker Drive
47th Floor
Chicago, IL  60606
Telephone: (312) 634-5700
E-mail: christopher.lepore@akerman.com

*Counsel to Defendant BAM Trading Services, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| INGE VAN HEES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BAM TRADING SERVICES, INC.,<br><br>　　　　　Defendant. | CASE NO. 4:25-cv-05685-JST<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Action Filed:   July 7, 2025 |

For the reasons set forth below, Defendant BAM Trading Services, Inc. ("BAM Trading" or "Defendant") respectfully opposes Plaintiff Inge Van Hees' ("Plaintiff") Motion for Leave to File Sur-Reply [Dkt. No. 39] (the "Sur-Reply").

## ARGUMENT

As a threshold matter, federal courts disfavor sur-reply requests and generally require a showing of good cause based on "extraordinary circumstances" before granting one. *U.S. v. Wanland*, No. 2:13-cv-2343-KJM-KJN PS, 2017 WL 1091945, at *1 (E.D. Cal. 2017) ("[T]he court's rules generally do not permit such surreplies, absent extraordinary circumstances"). No extraordinary circumstances exist here. Defendant's Reply "does not raise new arguments" — it merely reiterates the grounds for dismissal raised in the Motion to Dismiss and addresses Plaintiff's arguments in her Opposition (*e.g.*, her attachment of new evidentiary materials to the Opposition). *See Hill v. England*, No. CVF05869 (REC) (TAG), 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); [Dkt. Nos. 32, 33, 36]. Accordingly, Plaintiff has not demonstrated good cause to support filing of the Sur-Reply.

Moreover, contrary to her claims, Plaintiff's Sur-Reply is not "narrowly tailored, presented in good faith and limited … new issues" raised in the Reply. *See* Mot. for Leave to File Sur-Reply at 1. Instead, Plaintiff improperly uses the Sur-Reply to submit arguments and requests. For example, rather than file a separate motion with a brief on all relevant issues and a supporting affidavit as required,[1] Plaintiff slips in a brand new request for the drastic remedy of emergency preliminary injunctive relief, i.e., an "asset preservation" order, under Fed. R. Civ. P. 65. *See* Sur-Reply at 5-6. Moreover, Plaintiff argues, for the first time, that her claims are timely under a theory of equitable tolling. *See id*. at 3. Thus, Plaintiff plainly uses the proposed Sur-Reply as a means of depriving Defendant of notice and an opportunity to be heard on these issues. This tactic should not be countenanced, and the Sur-Reply should be stricken or disregarded.

Alternatively, if the Court elects to consider the Sur-Reply, Defendant respectfully requests the opportunity to respond to the new arguments Plaintiff raises and relief Plaintiff seeks therein and prior to the hearing on the Motion to Dismiss.

---

[1] *See, e.g., Reed-Bey v. Guo*, No. 2:25-CV-01880-DAD-CKD (PS), 2025 WL 2048436, at *2 (E.D. Cal. July 22, 2025); Civil L.R. 65, 7-2.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Sur-Reply should be stricken or disregarded in evaluating Defendant's pending Motion to Dismiss.

DATED: October 27, 2025        **AKERMAN LLP**

By: */s/ Scott M. Kessler*
       MEL M.C. COLE (CA SBN. 293265)
       SCOTT M. KESSLER
       (admitted *Pro Hac Vice*)
       CHRISTOPHER R. LEPORE
       (admitted *Pro Hac Vice*)

*Counsel for Defendant BAM Trading Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 27, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

Dated this 27th day of October, 2025

/s/ *Scott M. Kessler*
Scott M. Kessler

CASE NO.  4:25-cv-05685-JST
**CERTIFICATE OF SERVICE**