UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INGE VAN HEES,

          Plaintiff,

     v.

BAM TRADING SERVICE, INC.,

          Defendant.

Case No. 25-cv-05685-JST

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY DISCOVERY**

Re: ECF Nos. 32, 40

Before the Court is Defendant BAM Trading Service Inc.'s motion to dismiss the complaint for failure to state a claim and motion to stay discovery pending resolution of the motion to dismiss. ECF Nos. 32, 40. The Court will grant the motion to dismiss and deny the motion to stay discovery as moot.

**I.**     **BACKGROUND**

Plaintiff Inge Van Hees brings this case against BAM Trading Service Inc. ("BAM Trading") doing business as Binance.US, a cryptocurrency trading platform serving customers in the United States. ECF No. 1 at 1. Her complaint also makes allegations about Binance Holdings, Ltd., which allegedly does business as Binance.com, although she does not name that entity as a defendants. *Id*. at 3.

While the allegations of the complaint are sometimes difficult to follow, Van Hees alleges that a man named Okoro Tochukwu Joseph induced her by means of false pretenses to transfer funds to cryptocurrency wallets under his control in February 2022. *Id*. at 2, 19. Once the money was in hand, Joseph and other "fraudsters" utilized the Binance.US platform to "launder" the stolen funds. *Id*. at 2. Binance.com is subject to a consent order issued by the Financial Crimes Enforcement Network ("FinCEN") which requires Binance.com to monitor its transactions for

suspicious patterns and implement "geo-blocking" to restrict access by U.S. users. *Id.* Binance.US is an extension of Binance.com and therefore is also required to comply with these requirements. *Id.* at 3. It failed to do so, indirectly causing Van Hees's injury. *Id.* Van Hees alleges that while BAM Trading and Binance.US are not the same entity as Binance.com (which is presumably the entity on whose platform the transactions were conducted), they are legally and operationally intertwined such that BAM Trading is Binance.com's alter ego. *Id*. at 3.

Van Hees appends several exhibits to the complaint that she claims proves that the crypto wallets her money was transferred to are hosted on Binance.US's platforms and that the wallets continue to be active. *Id*. at 3, 7. Van Hees claims that BAM Trading violated the Securities and Exchange Act (SEA), the Racketeering Influenced and Corrupt Organizations Act (RICO), the Consumer Financial Protection Act (CFPA), and the Commodities Exchange Act (CEA). *Id*. at 5.

Van Hees filed her complaint on July 7, 2025. ECF No. 1. BAM Trading filed a motion to dismiss on September 19, 2025. ECF No. 32. Van Hees opposed the motion on September 22, 2025 and BAM Trading replied on October 10, 2025. ECF Nos. 33, 36. BAM Trading also filed a motion to stay discovery pending resolution of the motion to dismiss on October 17, 2025. ECF No. 40.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## III.    LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy Rule 8 and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has met this plausibility standard, the

United States District Court
Northern District of California

2

court "accept[s] all factual allegations as true and construes the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV.    DISCUSSION

Van Hees makes five claims against BAM Trading: 1) violation of the Securities and Exchange Act (15 U.S.C. § 78j(b); Rule 10b-5); 2) violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(c)); 3) liability for "aiding and abetting" fraud; 4) violations of the Consumer Financial Protection Act (12 U.S.C. § 5531); and 5) violations of the Commodity Exchange Act (7 U.S.C. § 1 et seq).[1]  ECF No. 1 at 4.  BAM Trading argues that all but the RICO claims are time-barred, and that the claims suffer from various pleading defects. ECF No. 32 at 13–22.  The Court addresses each argument in turn.

### A.    Time Barred Claims

BAM Trading argues that all of Van Hees' claims except her RICO allegation are barred by statutes of limitations.  The Court agrees.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.2010)).  The statute of limitations for the Securities and Exchange Act claims under § 10(b) and Rule 10(b)(5) is "one year after the discovery of the facts constituting the violation and within three years after such violation." *Berry v. Valence Tech., Inc.*, 175 F.3d 699, 703 (9th Cir. 1999).  A claim under the Consumer Financial Protection Act must be filed within three years of discovery of the violation.  12 U.S.C § 5564(g).  The statute of limitations for the Commodity Exchange Act requires claims to be filed within two years of discovery of the alleged injury.  7 U.S.C. § 25(c).

Contrary to BAM Trading's argument, ECF No. 32 at 20, aiding and abetting appears to be a free-standing tort under California law.  "Liability may be imposed on one who aids and abets

---

[1] In her opposition, Van Hees attempts to allege claims for negligence and violation of the Bank Secrecy Act (31 U.S.C. § 5318(h)).  ECF No. 33 at 1.  These claims are not raised in the complaint, and the Court does not consider them.

3

United States District Court
Northern District of California

the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630, 653–54 (2018) (citation modified). "Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting." *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1996). The statute of limitations for aiding and abetting fraud is the same as that of the underlying fraud claim, i.e., three years after the discovery of the fraudulent conduct. Cal. Code Civ. P. § 338(d); *Am. Master Lease LLC v. Idanta Partners, Ltd*., 225 Cal. App. 4th 1451, 1479 (2014).

In short, the statute of limitations is three years or less for all of Van Hees' non-RICO claims. Her complaint shows that the final transaction in her account occurred on March 1, 2022 and that she was aware of the fraud before that time. ECF No. 1 at 15. The exhibits to the complaint also contain multiple statements by Van Hees acknowledging that she knew in early 2022 that the fraud had occurred. *See* ECF No. 1 at 26 (complaint made to FinCEN regarding the underlying fraud by Binance.US that Van Hees claimed occurred in 2022); *id*. at 33–38 (complaint to Austrian Financial Market Authority against BitPanda involving the same fraud that Van Hees claimed occurred on January 17, 2022); *id*. at 49–56 (complaint made to Binance involving the same fraud that Van Hees claims occurred on January 18, 2022).[2] She filed her complaint more than three years later, on July 7, 2025. ECF No. 1. Thus, her SEA, CFPA, CEA, and aiding and abetting claims are time-barred.

---

[2] Van Hees submits new evidence with her opposition attempting to show that the wallets on Binance's network continue to be active and therefore that the violations are ongoing. ECF Nos. 33-1–33-11. The Court cannot consider evidence outside the complaint in deciding a motion to dismiss. *See Schneider v. Cal. Dep't of Corr*., 151 F.3d 1194, 1201 at n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Even considering these documents, however, would not change the outcome. The relevant statutes of limitations run from the violation itself or the discovery of that violation. *See e.g.* 12 U.S.C § 5564(g)(1) (statute of limitation runs from three years after the discovery of the violation); 7 U.S.C. § 25(c) (statute of limitations runs form three years after the violation). The wrongdoer's bad acts were completed by March 2022. That the wrongdoer continues to financially benefit from those acts does not affect the analysis.

United States District Court
Northern District of California

These claims are dismissed.  The Court will deny leave to amend because amendment would be futile.  *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (holding that "leave to amend need not be granted when any amendment would be an exercise in futility, such as when the claims are barred by the applicable statute of limitations" (citation modified)).

### B.    RICO Claims

BAM Trading also moves to dismiss Van Hees' civil RICO claims that BAM Trading facilitated an international fraud scheme through the Binance.US platform.  ECF No. 1 at 4.  BAM Trading argues that Van Hees has failed plausibly to plead the elements of a RICO claim.  ECF No. 32 at 17–18 .

To state a civil RICO claim, a plaintiff must allege that a defendant participated in "(1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. § 1962(c)).  Further, "the conduct must be [] the proximate cause of harm to the victim." *Id*. (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496–97 (1985)).  A "pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after [1970] and the last of which occurred within ten years after the commission of a prior act of racketeering activity."  18 U.S.C. § 1961(5).  Racketeering activity is also referred to as the "predicate acts." *Jack Richter v. KRG Trading, Inc. et al. Additional Party Names: Paretone Cap. Fund LP, Real Equities, Inc., Yellowstone Trade Ltd.*, No. CV 24-03622-MWF (SKX), 2026 WL 413399, at *5 (C.D. Cal. Jan. 7, 2026) (citation omitted).  "Offenses that can constitute predicate acts for a RICO violation are listed in 18 U.S.C. § 1961(1) and include wire fraud in violation of 18 U.S.C. § 1341." *Id.*

BAM Trading first argues that Van Hees has failed to allege a RICO enterprise.  ECF No. 32 at 10.  A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  An enterprise is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981).  "An enterprise must involve

individuals 'associated together for a common purpose of engaging in a course of conduct.'" *Young v. Schultz*, No. 22-CV-05203-TSH, 2023 WL 3324687, at *5 (N.D. Cal. May 8, 2023) (quoting *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007)).

Van Hees responds that she is alleging an "association-in-fact" enterprise. ECF No. 33 at 8. An association-in-fact enterprise requires the plaintiff to allege "(1) a common purpose, (2) a structure or organization, and (3) longevity necessary to accomplish the purpose." *Young*, 2023 WL 3324687, at *5. "The 'enterprise' [itself] is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *Turkette,* 452 U.S. at 583 (cleaned up). "The enterprise must have a structure for making decisions and mechanisms for controlling and directing the affairs of the group on an on-going basis rather than an *ad hoc* basis." *Phillips Soil Prods., Inc. v. Heintz*, No. 3:18-CV-00263-BR, 2018 WL 2187442, at *5 (D. Or. May 11, 2018).

Van Hees alleges that the primary perpetrator of the fraud was a man named Okoro Tochukwu Joseph, and that he utilized Binance.US's platform to commit the fraud. ECF No. 1 at 2. Van Hees' only allegation of a relationship between non-defendant Joseph and BAM Trading is that Joseph used the Binance.US platform as a conduit for fraudulently obtained funds. *Id*. In her opposition—but not in her complaint—Van Hees claims that "systemic failures in AML [Anti-Money Laundering] and KYC [Know Your Client] controls across Binance and its affiliates, including BAM Trading" "identify the enterprise structure." ECF No. 33 at 7. She also claims that "the association of convicted actors [a reference to Joseph] with the infrastructure to which Plaintiff's funds were funneled confirms the existence of a racketeering enterprise with continuity and purpose." *Id*. These allegations are missing from the complaint, and so the Court cannot consider them. *See Schneider*, 151 F.3d at 1201 at n.1. Even if the Court were to consider them, however, they are insufficient to allege a RICO enterprise. Van Hees makes no allegation as to how BAM Trading, Binance.com, and Joseph were "associated together for a common purpose" or "how the Defendants functioned together as a continuing unit." *Washelesk v. Monazamfar, et al.*, No. 25-CV-03135-EKL, 2025 WL 3514600, at *3 (N.D. Cal. Dec. 8, 2025) (quoting *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015)). Nor has she alleged that the enterprise was

United States District Court
Northern District of California

ongoing, given that the only predicate act she alleges in her complaint occurred one time over three years ago. ECF No. 1 at 13. Nor has she alleged how BAM Trading and Joseph "existed as an enterprise that "collectively functioned as a continuing unit, possessed any structure for making decisions on an on-going basis, or existed "independently from the alleged racketeering activity itself." *Phillips Soil Prods., Inc. v. Heintz*, 2018 WL 2187442, at \*6. Accordingly, the Court finds that Van Hees has failed to sufficiently allege a RICO enterprise.

Nor has Van Hees pleaded the other elements of a RICO violation. For example, she does not specify what predicate racketeering acts support her claim. In her opposition, Van Hees claims for the first time that violations of the Bank Secrecy Act (31 U.S.C. § 5318(h) ("BSA") are the predicate offenses for a RICO violation. But there are no allegations concerning the BSA in the complaint, much less ones showing a violation. And even if there were, BSA violations have not been recognized as RICO predicate acts. *See e.g. Vega v. Ocwen Fin. Corp*., No. 2:14-CV-04408-ODW, 2015 WL 1383241, at \*13 (C.D. Cal. Mar. 24, 2015) (dismissing civil RICO claims when there was no underlying predicate act that any court or 18 U.S.C. § 1961(1) had recognized as a predicate act). And even if a violation of the BSA were a predicate act for a RICO violation, sufficient pleading of a pattern of RICO racketeering activity requires "at least two predicate acts that are indictable." *Ferrari v. Mercedes-Benz USA, LLC*, No. 15-CV-04379-YGR, 2016 WL 7188030, at \*2 (N.D. Cal. Dec. 12, 2016). Van Hees' pleading of a singular BSA violation does not constitute a pattern of racketeering activity on BAM Trading's part.

Finally, Van Hees has not plausibly pleaded proximate causation—i.e., how BAM Trading's misconduct resulted in her alleged injuries. When evaluating a civil RICO claim, "the central question [the court] must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006). "RICO proximate cause requires a direct and precise causal link." *Hunt v. Zuffa, LLC*, 361 F. Supp. 3d 992, 1001 (D. Nev. 2019). Here, Van Hees has failed to allege that the "racketeering" predicate acts by BAM Trading, whatever those might be, are directly responsible for the injury she experienced. Indeed, the complaint alleges that Van Hees was "*indirectly* harmed financially due to the perpetrators' use of the [Binance] platform." ECF No. 1 at 2 (emphasis added). Van Hees' theory of injury is

that if sufficient AML or KYC systems had been in place, Binance.US would have recognized that Joseph's transactions were suspicious and reported them.  *Id*.  By the time Joseph engaged in transactions on the Binance.US platform, whatever actions he had taken concerning Van Hees were already complete, and nothing Binance.US did—or did not do—could have affected those actions.  In short, Van Hees has failed to plead that "the defendant's 'alleged misconduct proximately caused the injury.'"  *Kennedy v. Jackson Nat. Life Ins. Co.*, No. C 07-0371 CW, 2010 WL 2524360, at *7 (N.D. Cal. June 23, 2010) (citing *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir.2004).

Accordingly, the Court will dismiss Van Hees' RICO count for failure to state a claim.  Although the Court is skeptical that Van Hees can allege facts sufficient to support a RICO claim, it will grant leave to amend out of an abundance of caution.

### CONCLUSION

The Court grants BAM Trading's motion to dismiss.[3]  Van Hees's SEA, CEA, CFPA, and aiding and abetting claims are dismissed with prejudice.  Van Hees's RICO claim is dismissed with leave to amend.  Van Hees may file an amended complaint within 28 days of this order solely to address the deficiencies identified in the order.  Failure to timely file an amended complaint will result in dismissal of the original complaint with prejudice.  BAM Trading's motion to stay discovery, ECF No. 40, is denied as moot.

**IT IS SO ORDERED.**

Dated:  April 15, 2026

_____
JON S. TIGAR
United States District Judge

---

[3] In light of this conclusion, the Court declines to reach Defendant's remaining arguments.

8